IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN WHEELER | § | |
| | § | No. 189, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 1610013171 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 27, 2019
Decided: April 11, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 11th day of April 2019, it appears to the Court that:

(1)    After being found guilty at a bench trial of Home Invasion, Assault in the Second Degree, Robbery in the First Degree, and Conspiracy in the Second Degree and sentenced to 14 years in prison, followed by eight years of Level III probation,[1] Stephen Wheeler raises two issues on appeal. The first—whether Wheeler's phone was unlawfully seized in violation of the Fourth Amendment—was not raised below, and this Court therefore reviews for plain error.[2] This

---

[1] App. to Answering Br. at B273–74 (Modified Sentencing Order (June 15, 2018)).
[2] *See Campbell v. State*, 2018 WL 1709669, at *2, 184 A.3d 841 (Del. 2018) (TABLE) ("Campbell concedes that he did not raise his current argument below. We therefore review the Superior Court's denial of his motion to suppress evidence for plain error.").

argument is without merit as it was based on a misunderstanding of what happened. Wheeler argued that the State, under *United States v. Carpenter*,[3] had to obtain a warrant before it could employ a cell site simulator to track his cellphone.[4] The parties both briefed this case as if a warrant had not been issued.[5] At oral argument, however, the State said that a warrant had been issued in this case, despite the fact that it was not in the record below or before us.[6] At the close of argument, this Court instructed the parties to work jointly and determine whether a warrant had in fact been issued.[7] Two days after argument, the State produced the warrant issued by the Superior Court authorizing the State to employ a cell site simulator to locate Wheeler's cellphone. Wheeler's appeal is thus without merit because his Fourth Amendment rights have not been violated.[8] And to the extent that Wheeler argues that there was an insufficient basis for the Superior Court to find probable cause to support issuing the warrant,[9] that argument is also without merit. The three-page affidavit used to request the warrant clearly shows that the cell phone being tracked

---

[3] 138 S. Ct. 2206 (2018).
[4] Opening Br. at 8–14.
[5] *See* Opening Br. at 11; Answering Br. at 16–19.
[6] Oral Argument at 18:00–18:30.
[7] Oral Argument at 39:40–40:30.
[8] *See Dalia v. United States*, 441 U.S. 238, 255–56 (1979).
[9] Opening Br. at 11–12.

was used to plan and carry out the crime,[10] satisfying the probable cause requirement.[11]

(2)    We also find no merit in Wheeler's second issue on appeal, arguing that there was insufficient evidence to support his robbery conviction.[12]  On appeal, this Court reviews a sufficiency of the evidence challenge in the light most favorable to the State.[13]  Wheeler's argument is based on the State's failure to premise its robbery indictment on Wheeler's taking of expensive electronic equipment from the victim. Abundant evidence to that effect was introduced at trial, but Wheeler's indictment for robbery mentioned only currency being taken, not electronics.[14]  The problem for Wheeler, however, is that the victim testified that Wheeler took his wallet, which contained $10.[15]  Viewing the evidence in the light most favorable to the State, the victim's testimony is sufficient for a rational trier of fact to find Wheeler guilty of robbery.

---

[10] *See* App. to Opening Br. at A24–25 (Affidavit in Support of Order (Oct. 20, 2016)) (informing the Superior Court that a co-conspirator "was actively communicating with the unknown suspects as the home invasion occurred" via the cell phone and that this communication "clearly establishes the conspiracy between [the co-conspirator] and the unknown male" that the co-conspirator was texting with).

[11] *See Hovington v. State*, 616 A.2d 829, 833 (Del. 1992).

[12] Opening Br. at 14–20.

[13] *Lopez v. State*, 861 A.2d 1245, 1250 (Del. 2004) ("In reviewing a challenge to the sufficiency of the evidence, this Court must determine, viewing the evidence in the light most favorable to the State, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

[14] App. to Opening Br. at A8–12 (Indictment (Jan. 9, 2017)).

[15] *See* App. to Answering Br. at B84 (Victim's Trial Testimony).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice